Not for Publication

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Criminal No. 19-744 (KM) |
| v. | **OPINION & ORDER** |
| **JEREMY LORENZO** | |

**MCNULTY, DISTRICT JUDGE**

Before the Court is defendant Jeremy Lorenzo's motion ("Motion", DE 33) for reconsideration of the Court's prior denial (DE 32) of his motion for a reduction of sentence under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). The government has filed a response, with exhibits, including prison medical and other records, attached. (DE 35) For the following reasons, the motion is DENIED.

### I.   BACKGROUND

On October 11, 2019, Mr. Lorenzo pled guilty to one count of possession with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). On February 21, 2020, he was sentenced to a 60-month term of imprisonment, the mandatory minimum.

Mr. Lorenzo was serving his sentence at FCI Allenwood Low when he filed his prior motion for compassionate release. That motion was based on his fear of contracting a COVID-19 infection while incarcerated. I found that his medical conditions (primarily, childhood asthma and a history of kidney stones) did not expose him to any unusual or severe risk of serious consequences from a COVID-19 infection. I also pointed out that Mr. Lorenzo had declined to be vaccinated. Finally, I analyzed the sentencing factors under 18 U.S.C. § 3553(a) and found that they did not justify a reduction in sentence.

Mr. Lorenzo was still serving his sentence at FCI Allenwood Low when he filed the current motion for reconsideration, but he was thereafter moved to

FCI-Loretto. He states that his current motion for reconsideration is based on the following "new evidence":

> (A) Conditions of current imprisonment due to the ongoing COVID-19 pandemic and Omicron variant now overwhelming his facility, drastically increasing the hardship conditions of his sentence and risk for reinfection due to underlying asthmatic condition.
>
> (B) Factors relevant to completion of sentence and opportunities currently unavailable within the BOP.

(Motion 1)

Because this is a motion for reconsideration, I assume familiarity with the prior decision. I will consider the proffered new evidence in conjunction with the prior evidence and in light of current circumstances. As always, the issues are whether extraordinary and compelling circumstances warrant early release, and whether such release comports with the sentencing factors under 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1); *United States v. Andrews*, 12 F.4th 255, 259 (3d Cir. 2021); *United States v. Pawlowski*, 967 F.3d 327, 329–30 (3d Cir. 2020).[1]

## II. ANALYSIS

As extraordinary and compelling circumstances, Mr. Lorenzo cites the hardships of incarceration, including the "virtual lockdown" of his facility, the heightened risk of COVID-19 infection in the institutional setting, and the limited access to rehabilitative programming.

Initially, I note that generic hardships, common to federal prisoners, cannot be regarded as extraordinary, and have not furnished grounds for compassionate release. *See United States v. Bulaman*, 12-CR-794 (RBK), 2022 WL 3913430, at *4 (D.N.J. Aug. 31, 2022); *United States v. Canzater*, No. CR

---

[1] Mr. Lorenzo claims that he has satisfied the requirement of exhaustion of BOP remedies, *see* 18 U.S.C. § 3582(c)(1)(A), by virtue of his original application in 2020. Setting aside the passage of time, I note that the "new evidence" underlying the current application was never presented to the BOP. The government, however, does not press the point, and I will look past the exhaustion requirement to reach the merits, which in any event are lacking.

18-578 (KM), 2022 WL 1602163, at *10 (D.N.J. May 20, 2022) (concluding that prison conditions that "apply, more or less, to the entire prison population . . . cannot be regarded as extraordinary"); *United States v. Burney*, 18-CR-606 (JHR), 2021 WL 4963253, at *8 (D.N.J. Oct. 25, 2021) ("courts cannot release every prisoner enduring these difficulties, because the Court would then be obligated to release every prisoner.").

More specifically, COVID-related lockdowns and curtailment of enrichment or rehabilitative programs, suffered by a wide range of prisoners, are not extraordinary and will not merit relief. *See, e.g.*, *United States v. Ali*, 11-CR-752 (NLH), 2022 WL 3357915, at *4 (D.N.J. Aug. 15, 2022); *United States v. Crespo*, 13-CR-428 (RBK), 2022 WL 3572846, at *4 (D.N.J. Aug. 19, 2022) (lockdown conditions); *United States v. Telfair*, 08-CR-757 (KM), 2021 WL 3185812, at *4 (D.N.J. July 28, 2021) (curtailed programs).

The risk of COVID-19 infection at FCI Loretto is low. Currently there are zero positive cases among inmates and staff.[2]
https://www.bop.gov/coronavirus/index.jsp

The risk of further infections is greatly reduced by widespread vaccination. Currently 961 full vaccinations of inmates have been administered at FCI Loretto, which houses 935 inmates. *Id.* Although Mr. Lorenzo has refused to be vaccinated, he benefits as a free rider on the herd immunity of others. While he did contract a COVID-19 infection, and claims to suffer from "long haul" effects, prison medical records show no such symptoms, such as shortness of breath, fatigue, or loss of taste or smell. (Gov't Ex. C at 12, 20) In short, his portrayal of the federal prison as a disease incubator, to the extent it was ever valid, is no longer so.

Especially in the earlier and pre-vaccine days of the COVID-19 pandemic, prisons were placed on lockdown and group activities were curtailed to slow the spread of the disease. Currently, however, FCI Loretto is at Level 2, meaning

---

[2] Cumulative figures testify to a past outbreak, resulting in 651 positive test results among inmates, and one death. https://www.bop.gov/coronavirus/index.jsp. As noted, however, the infection rate has been reduced to zero.

3

that programming, recreation, and visitation are all operating, with some capacity limits to allow for social distancing indoors.

Prison records show that since August 2020, Mr. Lorenzo has enrolled in over 30 education and enrichment programs, including the RDAP program. (Gov't Ex. D, DE 35-4) The availability of such programs, then, even if somewhat reduced as a result of COVID precautions, is adequate, and certainly does not sink to the level of unusual hardship.

The foregoing, considered in the context of the Court's prior decision, falls far short of demonstrating unusual or compelling circumstances.

I have little to add to the prior decision's survey of the § 3553(a) factors. As pointed out there, the offense involved trafficking in a substantial quantity of heroin and fentanyl, following a prior firearms offense. Deterrence, a just measure of punishment, consistency, and respect for the law, are all served by full service of this statutory minimum sentence. Credits and good time have already served to shorten Mr. Lorenzo's presumptive release date to December 16, 2023. (DE 35-2) (He has also compiled some fairly minor disciplinary infractions, to which I attach no great significance.) While commendable, these rehabilitative efforts, and resulting credits, represent the system operating as intended. Mr. Lorenzo has now served some two and one half years, a greater percentage of his sentence than he had served at the time of his original motion. Nevertheless, requiring him to serve out the remainder, for a total of approximately three and one half years, is well within the bounds of reasonableness under the § 3553(a) analysis.

**ORDER**

For the reasons expressed in the foregoing Opinion,

IT IS this 7th day of February, 2023

ORDERED that the motion of the defendant (DE 33) for reconsideration of the Court's earlier denial of compassionate release under the First Step Act is DENIED. The clerk shall close the file.

/s/ Kevin McNulty
_____
Kevin McNulty
U.S. District Judge